# EXHIBIT B

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                                    RECEIVED NYSCEF: 10/20/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
CAPITAL MERCHANT SERVICES, LLC, GREEN              Index No.:
CAPITAL FUNDING, LLC, and MIDNIGHT ADVANCE
CAPITAL, LLC,

                              Petitioners,         **VERIFIED**
-against-                                                                                     **PETITION**

LATERAL RECOVERY LLC, FTE NETWORKS, INC.,
BENCHMARK BUILDERS, INC., FOCUS WIRELESS,
LLC, JUS-COM, LLC a/k/a JUS-COM, INC.,

                              Respondents.
-----------------------------------------------------------------------X

        Petitioners, CAPITAL MERCHANT SERVICES, LLC ("CMS"), GREEN CAPITAL FUNDING, LLC ("GCF"), and MIDNIGHT ADVANCE CAPITAL, LLC ("MAC"), by and through their counsel, Stein Adler Dabah & Zelkowitz, LLP, petitions the Court as follows:

### THE PARTIES

        1.      Petitioners, CMS, GCF, and MAC, are each domestic limited liability companies doing business in New York County, New York.

        2.      The Petitioners are related entities and part of the same unified corporate structure.

        3.      FTE NETWORKS, INC. ("FTE"), was a Nevada Corporation with its principal place of business at 999 Vanderbilt Beach Rd., Suite 601, Naples, Florida, 34108.

        4.      FTE is authorized to do business in New York.

        5.      BENCHMARK BUILDERS, INC. ("BBI"), is or was a New York corporation with its principal place of business at 999 Vanderbilt Beach Rd., Suite 601, Naples, Florida, 34108.

        6.      FOCUS WIRELESS, LLC ("FWL"), is a Delaware limited liability company with its last known place of business in 999 Vanderbilt Beach Rd., Suite 601, Naples, Florida, 34108, but which has withdrawn its certificate of authority to do business in Florida.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

7. Upon information and belief, FWL is located solely in Delaware.

8. JUS-COM, LLC a/k/a JUS-COM, Inc. ("JUS") was a corporation formed and existing under the laws of Indiana that previously with its last known place of business in 999 Vanderbilt Beach Rd., Suite 601, Naples, Florida, 34108.

9. JUS was dissolved by the State of Indiana on or about July 5, 2021.

10. Upon information and belief derived from the corporate records of the state of Delaware and LATERAL RECOVERY, LLC's own allegations, LATERAL RECOVERY, LLC is a Delaware limited liability company with its sole place of business in California.

11. LATERAL RECOVERY, LLC was formed under the laws of Delaware on October 8, 2019.

12. LATERAL RECOVERY, LLC alleges that it is was assigned any claims asserted against the Petitioners from FTE, FWL, BBI, and JUS pursuant to a contract between LATERAL RECOVERY, LLC and FTE, FWL, BBI, and JUS dated October 10, 2019.

## THE RELIEF REQUESTED

13. Petitioners have commenced this proceeding for an Order, pursuant to CPLR §§ 7502 and 7503, directing that:

   a. The arbitration filed by LATERAL RECOVERY LLC is dismissed and barred because there is no arbitration agreement between any Petitioner and LATERAL RECOVERY LLC;

   b. The arbitration filed by FTE NETWORKS, INC., BENCHMARK BUILDERS, INC., FOCUS WIRELESS, LLC, JUS-COM, LLC a/k/a JUS-COM, INC., is dismissed and barred because there is no arbitrable controversy between any Petitioner and FTE NETWORKS, INC., BENCHMARK BUILDERS, INC., FOCUS WIRELESS, LLC, JUS-COM, LLC a/k/a JUS-COM, INC.;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

    c. The arbitration and the claims stated therein are dismissed and barred, in whole or in part, by the applicable statutes of limitations;

    d. The arbitration and the claims stated therein are dismissed and barred, in whole or in part, because the claims were settled and released prior to the alleged assignment;

    e. The arbitration must be dismissed for lack of personal and subject matter jurisdiction based upon Respondents' failure to satisfy conditions precedent to arbitration under the alleged arbitration agreements; and

    f. Granting the Petitioners such other, further, and/or different relief as the Court deems just and proper.

14. Furthermore, the Petitioners seek a stay of arbitration pending the hearing and determination of the Verified Petition and Order to Show Cause.

15. The Arbitration Demand at issue is attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

16. The Supreme Court, New York County is the proper jurisdiction, forum, and venue for this matter pursuant to CPLR § 7503(a).

## ESSENTIAL FACTS

**A. There Is No Arbitration Agreement Between LATERAL RECOVERY, LLC and Petitioners.**

17. The Arbitration Demand filed by LATERAL RECOVERY, LLC on October 14, 2021, does not refer to any Arbitration Agreement between LATERAL RECOVERY, LLC and any of the Petitioners.

18. The Arbitration Demand filed by LATERAL RECOVERY, LLC on October 14, 2021, does not annex any Arbitration Agreement between LATERAL RECOVERY, LLC and any of the Petitioners.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/20/2021

Case 1:21-cv-08784-LJL   Document 1-3   Filed 10/27/21   Page 5 of 14

19. There is no arbitration agreement between LATERAL RECOVERY, LLC and any of the Petitioners.

20. On October 15, 2021, the custodian of records for the Petitioners performed a review of the corporate records for MAC, GCF, and CMS.

21. The Affidavit of Petitioners' custodian of records is attached hereto as **Exhibit B**.

22. The custodian of records confirmed that there are and have never been any arbitration agreements between LATERAL RECOVERY, LLC and the Petitioners.

**B. LATERAL RECOVERY, LLC Has Not Provided Anything To Show It Is The Assignee Of Claims From FTE, FWL, BBI, and/or JUS.**

23. LATERAL RECOVERY, LLC alleges that it was assigned claims against Petitioners from FTE, FWL, BBI, and JUS on or about October 10, 2019.

24. LATERAL RECOVERY, LLC has not furnished evidence of any assignment from FTE, FWL, BBI, and JUS.

25. LATERAL RECOVERY, LLC has not furnished evidence of any consideration that it paid to FTE, FWL, BBI, and JUS in exchange for claims from FTE, FWL, BBI, and JUS.

**C. The Arbitration Agreements Between The Petitioners And FTE, FWL, BBI, and JUS Expressly Prohibited Any Assignment Of The Arbitration Rights Without Petitioners' Express Written Consent.**

26. The alleged arbitration agreements annexed to LATERAL RECOVERY, LLC's arbitration demand do not permit non-parties to those contracts to demand arbitration.

27. Only the sellers (BBI, FWL, JUS, and/or FTE) buyers (GCF, MAC, and/or CMS varying on the contracts, and guarantors (David Scott Lethem and Michael C. Palleschi) may demand arbitration.

28. LATERAL RECOVERY, LLC is not a seller, buyer, or guarantor under any of the contracts.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

4 of 13

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)                    INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                                                                   RECEIVED NYSCEF: 10/20/2021

Case 1:21-cv-08784-LJL   Document 1-3   Filed 10/27/21   Page 6 of 14

29. The alleged arbitration agreements annexed to LATERAL RECOVERY, LLC's arbitration demand do not assignment of the contracts.

30. Each contract annexed to the Arbitration Demand provides that the sellers "shall not have the right to assign its rights hereunder or any interest herein without the prior written consent" of the buyer.

31. Each contract referenced in the Arbitration Demand, but not annexed, includes the same anti-assignment clause.

32. Thus, BBI, FWL, JUS, and FTE were prohibited from assigning any contract rights, including any right to arbitration of claims without the prior written consent of GCF, MAC, and/or CMS, varying by contract.

33. Neither, BBI, FWL, JUS, FTE, nor LATERAL RECOVERY, LLC has ever requested the consent to assign any contract rights.

34. Neither, BBI, FWL, JUS, FTE, nor LATERAL RECOVERY, LLC has ever received the consent to assign any contract rights.

35. Anti-assignment clauses are enforceable under New York law.

36. Thus, even assuming *arguendo* that BBI, FWL, JUS, and FTE purported to assign contract rights to LATERAL RECOVERY, LLC, the assignment of contract rights, specifically the arbitration provisions, is void.

D. **There Is No Arbitrable Controversy As Between Petitioners, BBI, FWL, JUS, and FTE.**

37. There is no arbitrable controversy as between Petitioners, BBI, FWL, JUS, and FTE.

38. BBI, FWL, JUS, and FTE have explicitly pled that they transferred away all of their claims asserted herein.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

39. BBI, FWL, JUS, and FTE cannot have an arbitrable controversy because they assert that they have transferred their claims to another entity.

40. Pursuant to the Arbitration provision, BBI, FWL, JUS, and FTE cannot arbitrate in a representative capacity on behalf of LATERAL RECOVERY, LLC.

**E. The Respondents Have Failed To Perform The Conditions Precedent To Arbitration.**

41. The alleged agreements between BBI, FWL, JUS, and FTE and GCF, MAC, and CMS each mandate that a party seeking to arbitration must first serve a Notice of Intent to Arbitrate via certified mail, and if the parties are unable to resolve the dispute within thirty days, then the party may commence an arbitration.

42. LATERAL RECOVERY, LLC and JUS, never served a Notice of Intent to Arbitrate.

43. On October 15, 2021, the custodian of records for the Petitioners performed a search of Petitioners records.

44. On October 15, 2021, the custodian of records for the Petitioners confirmed that they have never received any Notice of Intent to Arbitrate from LATERAL RECOVERY, LLC and JUS via certified mail or otherwise.

**F. Respondents' Counsel Has Not Clearly Identified Whom He Represents, Who Allegedly Owns Claims, And Who Is A Party.**

45. On September 21, 2021, GCF and CMS each received arbitration Letters (the "Letters") from a different legal entity, LATERAL JUSTCOM FEEDER, LLC, which purported to act on between of FTE, BBI and FWL only.

46. The Letters (the "Letters"), which are dated September 13, 2021, but are post-marked September 14, 2021, are attached hereto as **Exhibit C**.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

47. The Letters, which are identical, state only the following:

> Please be advised that FTE Networks, Inc., Benchmark Builders, Inc., Focus Wireless, LLC, Lateral Justcom Feeder, LLC (the "FTE Companies") hereby provide notice of its intent to file arbitration claims under the following agreements:
>
> | | |
> |---|---|
> | Capital Merchant Services | 10/12/2018 |
> | Capital Merchant Services | 11/28/2018 |
> | Capital Merchant Services | 9/21/2018 |
> | Green Capital Funding | 10/20/2017 |
> | Green Capital Funding | 9/14/2017 |
> | Green Capital | 10/12/2018 |
> | Green Capital | 11/27/2018 |
> | Midnight Capital, LLC | 1/19/2018 |
> | Midnight Capital, LLC | 12/15/2017 |
> | Midnight Capital, LLC | 12/6/2017 |
>
> The FTE Companies Demand over $30 million in damages based on, among other things, RICO, usury, and breach of contract.
>
> Please immediately advise if you wish to amicably resolve this matter. If this matter is not resolved within 30 days from the date of this letter, the FTE Companies will file for arbitration.

**Exhibit C**.

48. Under New York law, to constitute an effective Notice of Intention to Arbitrate, a party serving an arbitration notice must specify (i) "the agreement to which arbitration is sought"; (ii) "the name and address of the party serving the notice, or of an officer or agent thereof if such party is an association or corporation"; and (iii) state "that unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time." CPLR 7503(c).

49. Where a party's Notice of Intention To Arbitrate or Arbitration Demand fails to meet each of the foregoing criteria, it is ineffective and there is no time limit for when a Petitioner

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1                                                                                       RECEIVED NYSCEF: 10/20/2021

Case 1:21-cv-08784-LJL   Document 1-3   Filed 10/27/21   Page 9 of 14

may bring a special proceeding to stay or dismiss the arbitration. *Cooper v Bruckner*, 21 A.D.3d 758, 760 (1st Dept. 2005).

50. The Letters do not specify the names and addresses of the parties serving same.

51. The Letters do not identify which entities of the four FTE Companies are alleged to be parties to which of the ten alleged arbitration agreements.

52. The Letters do even identify who counsel actually represents as opposed to who is merely an alleged assignor.

53. The Letters do not contain any of the preclusion language.

54. The Letters do not comply with the requirements under CPLR 7503(c).

55. Although the Letters were signed by Shane Heskin of White and Williams LLP, Mr. Heskin did not actually claim to represent FTE, BBI, or FWL.

56. The Letters did not mention or identify LATERAL RECOVERY, LLC.

57. The Letters did not mention or identify JUS.

58. The Letters did not mention any claims for fraud.

59. The unusually vague wording and facially deficient nature of the Letters prompted an investigation by Petitioners.

60. Petitioners' search located an action entitled *Lateral Juscom Feeder LLC, as assignee of Benchmark Builders, Inc., FTE Networks, Inc., Jus-Com LLC, and Focus Wireless, LLC v. Tzvi Reich, et al.*, Supreme Court, New York County, Index No. 655241/2021. A copy of the Complaint in that action is attached hereto as **Exhibit D**.

61. The Complaint in the *Lateral Juscom Feeder LLC* action asserts that Shane Heskin of White and Williams LLP, does not represent FTE Networks, Inc., Benchmark Builders, Inc., and Focus Wireless, LLC, but rather represents *Lateral Juscom Feeder LLC*. **Exhibit D**, p.1.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

62. Moreover, the Complaint, which was signed by Mr. Heskin, asserts that *Lateral Juscom Feeder LLC* purports to be the assignee for all claims to which FTE, FWL, BBI, and JUS were parties, not Lateral Recovery, LLC. **Exhibit D**, ¶30.

63. Lateral Justcom Feeder LLC has not filed any arbitration demand.

**G. The Respondents Seek To Arbitrate Claims That Were Settled And Released.**

64. There are no enforceable claims dating from on or before February 21, 2018.

65. There are no enforceable arbitration agreements dating from on or before February 21, 2018.

66. All claims and arbitration agreements between Petitioners, FTE, FWL, BBI, and JUS were superseded by a Settlement Agreement with release.

67. A true, correct, and complete copy of the settlement agreement with release is attached hereto as **Exhibit E**.

68. The Settlement Agreement with release superseded the first and second GCF Agreements alleged in the Arbitration Demand.

69. The Settlement Agreement with release superseded all of the Agreements involving MAC.

70. The releases executed by FTE, FWL, BBI, and JUS was binding on their successors, assigns, parents, subsidiaries, and affiliates, and released MAC and its successors, assigns, officers, directors, shareholders, members, trustees, affiliates, parents, subsidiaries, and affiliate business entities from, among other things, any claims, whether known or unknown, arising from or in any way related to the Agreements. **Exhibit E**, p.4.

71. The Settlement Agreement superseded any arbitration agreements that may have existed between the Petitioners and FTE, FWL, BBI, and JUS prior to February 21, 2018.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

72. Thus, there is no enforceable arbitration agreement dating from before February 21, 2018.

**H. The Fourth Claim For Usury In The Arbitration Agreement Is Wholly Time-Barred by CPLR 215(6).**

73. The Agreements referenced in the Arbitration Demand range from September 14, 2017, through November 28, 2018.

74. All of the Agreements referenced in the Arbitration Demand were completed on or before January 28, 2019.

75. The statute of limitations applicable to usury claims is CPLR 215(6).

76. CPLR 215(6) imposes a one-year statute of limitation on all usury claims.

77. Thus, any claims for alleged usury arising from the Agreements referenced in the Arbitration Demand, have been time-barred almost since January 28, 2020 at the latest.

**I. Any RICO Allegations Dating From On Or Before October 13, 2017 Are Time-Barred.**

78. Respondents' first and second claims, which purport to allege a contrived RICO conspiracy, include allegations that are time-barred by the statute of limitations.

79. Respondents' Arbitration Demand includes at least one transaction dating from on or before October 13, 2017 involving GCF.

80. There is a four-year statute of limitations on RICO claims. *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 148 (2d Cir. 2012).

81. Transactions dating from before the statute of limitations are time-barred. *New Y-Capp, Inc. v. Arch Capital Funding, LLC*, 2019 U.S. Dist. LEXIS 168683 (S.D.N.Y. Sep. 27, 2019)(footnote 6) (Holding that "[p]laintiffs should not include allegations supporting their RICO

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

10 of 13

claim occurring prior to April 12, 2014" because it was undisputed that there is a four year statute of limitations applicable to RICO claims and the action had been commenced on April 12, 2018).

82. Respondents' RICO allegations dating from on or before October 13, 2017, are time-barred.

### THE COURT SHOULD STAY ANY ARBITRATION PENDING THE HEARING AND DETERMINATION OF THE VERIFIED PETITION AND ORDER TO SHOW CAUSE.

83. CPLR 7503(b) explicitly states that "a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with or that the claim sought to be arbitrated is barred by limitation under subdivision (b) of section 7502."

84. As set forth above, Respondents' arbitration must be dismissed for multiple reasons that are fatal to the arbitration proceeding.

85. Petitioners would suffer substantial monetary injury and prejudice if they were required to defend against claims in arbitration that are not subject to an enforceable arbitration provision.

86. The Petitioners would suffer substantial monetary injury and prejudice if they were required to defend in arbitration against claims that were long ago settled.

87. The Petitioners would suffer substantial monetary injury and prejudice if they were required to defend in arbitration against claims that are time-barred.

88. Requiring the Petitioners to litigate these issues in arbitration, when they are properly before the Court would result in a waste of the Petitioners' limited financial means and the Court's valuable judicial resources.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 10/20/2021

Case 1:21-cv-08784-LJL   Document 1-3   Filed 10/27/21   Page 13 of 14

89. Because a stay is available only to Petitioners that have not participated in the arbitration (CPLR § 7503(b)), an immediate stay is necessary to avoid the irreparable harm to Petitioners that would arise from being forced to either default in the arbitration while awaiting a decision on this petition or forfeit their right to have the Court dispose of Respondents' spurious arbitration claims in this special proceeding.

90. There is no harm to Respondents by granting a temporary stay pending the hearing and determination of this Verified Petition and Order to Show Cause because the Verified Petition will necessarily decide matters that Respondents want adjudicated including whether their purported claims are time-barred and whether there exist enforceable arbitration agreements for their claims.

WHEREFORE, Petitioners respectfully request that this honorable Court enter an Order pursuant to CPLR §§ 7502 and 7503, directing that:

a. The arbitration filed by LATERAL RECOVERY LLC is dismissed and barred because there is no arbitration agreement between any Petitioner and LATERAL RECOVERY LLC;

b. The arbitration filed by FTE NETWORKS, INC., BENCHMARK BUILDERS, INC., FOCUS WIRELESS, LLC, JUS-COM, LLC a/k/a JUS-COM, INC., is dismissed and barred because there is no arbitrable controversy between any Petitioner and FTE NETWORKS, INC., BENCHMARK BUILDERS, INC., FOCUS WIRELESS, LLC, JUS-COM, LLC a/k/a JUS-COM, INC.;

c. The arbitration and the claims stated therein are dismissed and barred, in whole or in part, by the applicable statutes of limitations;

d. The arbitration and the claims stated therein are dismissed and barred, in whole or in part, because the claims were settled and released prior to the alleged assignment;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

e.  The arbitration must be dismissed for lack of personal and subject matter jurisdiction based upon Respondents' failure to satisfy conditions precedent to arbitration under the alleged arbitration agreements; and

f.  Granting the Petitioners such other, further, and/or different relief as the Court deems just and proper.

Dated: New York, New York
October 19, 2021

By: /s/ Christopher R. Murray
Christopher R. Murray, Esq.
Stein Adler Dabah & Zelkowitz, LLP
*Attorneys for Petitioners*
1633 Broadway, 46th Floor
New York, New York 10019
Tel: (212) 867-5620
E-Mail: cmurray@steinadlerlaw.com

## ATTORNEY VERIFICATION

I, Christopher R. Murray, an attorney duly licensed to practice law in the state of New York, affirm that I have read the foregoing Verified Petition, and the know the contents thereof, and the same is true to the best of my knowledge, except as to the matters therein stated to be alleged upon information and belief and, as to those matters, I believe them to be true. The reason this affirmation is made by counsel and not the Petitioners is that I am not in the same county as Plaintiffs' office.

Dated: October 19, 2021

By: /s/ Christopher R. Murray
Christopher R. Murray, Esq.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

13 of 13